THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMED DIDA, # Y51285,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**KIMBERLY HVARRE,** )<br>)<br>**Defendant.** ) | <br><br><br><br>Case No. 3:24-cv-00132-GCS<br><br><br><br> |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Mohamed Dida is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("BMRCC"). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.[1] He asserts that he was denied treatment for various medical and dental conditions and seeks injunctive relief to get proper treatment. (Doc. 1, p. 7-8).[2]

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[3] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages

---

[1]   Plaintiff originally filed his Complaint in the Central District of Illinois, which transferred the matter to this Court. (Doc. 2).

[2]   Plaintiff does not request damages in the Complaint.

[3]   The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff sought treatment in January 2023 for numbness on the left side of his body. (Doc. 1, p. 5). Dr. Larson[4] and a foot expert recommended physiotherapy, but no such therapy has yet been performed.

Also in January 2023, Plaintiff had swollen and painful feet. X-rays and scans were taken on February 7, 2023, and May 15, 2023. On October 11, 2023, the swelling was so bad that Plaintiff could not wear regular shoes. He was sent to a foot expert who requested an x-ray, prescribed medication and physiotherapy, and directed Plaintiff to return in two weeks. However, Plaintiff was not sent back to that doctor and received none of the recommended treatment. (Doc. 1, p. 5).

Before Plaintiff was sentenced to prison, he was in the process obtaining dental treatment to repair crowns and having root canal procedures performed. While in county jail, he was offered and refused extraction of the teeth because he wanted better treatment. (Doc. 1, p. 5-6; Doc. 1-1, p. 9). He still has exposed teeth with broken crowns, which are infected and painful. (Doc. 1, p. 8). Plaintiff's exhibits indicate he requested dental treatment while at BMRCC and declined to have two teeth extracted. (Doc. 1-1, p. 6, 7, 11).

---

[4]    Plaintiff does not include Dr. Larson as a Defendant herein. (Doc. 1, p. 1-2).

Plaintiff sought treatment in January and March 2023 for black spots that appeared on the skin of his ear lobe, neck, and shoulder. His complaints were ignored even after the spots became itchy and irritating. After making another complaint, on October 2, 2023, Plaintiff was sent to an ENT surgeon, who performed a biopsy and scheduled Plaintiff to return in two weeks. However, Plaintiff was not sent to the return visit. On December 6, 2023, the ENT surgeon diagnosed Plaintiff with seborrheic keratosis and referred him to a dermatologist. Again, nothing was done, and the itching worsened.

Plaintiff has suffered from spinal pain and had had "several meetings" over that complaint. (Doc. 1, p. 7). X-rays showed a "space appearing" in his spine. Physiotherapy and "spinal expertise" were recommended, but there has been no referral or follow-up.

Plaintiff complained of pain in his eyeball in July 2023. He saw a visiting optician on August 2, 2023, who requested tests to be done. Plaintiff saw this optician again on September 13, 2023. The requested tests had not been performed by that time and still have not been done. (Doc. 1, p. 7).

Finally, Plaintiff was diagnosed with a Vitamin B-12 deficiency in March 2023. He had B-12 injections for five days in July 2023, and he was referred to an expert in November 2023. Blood samples were drawn, and Plaintiff was to return to the expert in two weeks. But again, this follow-up was ignored.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference claim for the

|  |  |
|---|---|
|  | failure to provide Plaintiff with recommended follow-up physiotherapy treatment for numbness on the left side of Plaintiff's body starting in January 2023. |
| Count 2: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with recommended follow-up physiotherapy, diagnostic, and other treatment for Plaintiff's swollen and painful feet since January 2023. |
| Count 3: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with dental treatment for his broken crowns and exposed, infected, and painful teeth since January 2023. |
| Count 4: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with treatment and follow-up for the itchy and irritating black spots on his skin since March 2023. |
| Count 5: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with recommended physiotherapy and other testing and/or treatment for Plaintiff's spinal pain since January 2023. |
| Count 6: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with recommended follow-up diagnostic tests and/or treatment for Plaintiff's eye pain since July 2023. |
| Count 7: | Eighth Amendment deliberate indifference claim for the failure to provide Plaintiff with recommended follow-up evaluation and/or treatment for Plaintiff's Vitamin B-12 deficiency since March 2023. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.[5]

## Counts 1-7

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical or dental needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Notably, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff names only one Defendant in this action, Warden Hvarre. The Warden, in her official capacity, is the proper party to implement any injunctive relief that may be ordered. *See, e.g.*, *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as she would be responsible for ensuring that any injunctive relief would be carried out). However, this puts the cart before the

---

[5] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

horse.

In order to state a deliberate indifference claim, Plaintiff must show that some prison official knew that he was suffering from a serious medical or dental condition yet failed to take reasonable steps to provide treatment for that condition. The Complaint contains no facts to indicate that Warden Hvarre had any knowledge of Plaintiff's health conditions or that she failed to respond to his needs. Plaintiff also fails to include as Defendants any medical or dental providers who received his requests for treatment, nor does he include facts to show which providers were aware of Plaintiff's needs but failed to implement recommended treatment or to send him for follow-up visits to outside specialists. For these reasons, Plaintiff fails to state a viable claim on any of the counts enumerated above, and they will be dismissed without prejudice. Plaintiff will have the opportunity to re-plead his claims in an amended complaint.

As he prepares his amended complaint, Plaintiff should note that unrelated claims against different defendants cannot proceed together in the same lawsuit. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). If the amended complaint contains improperly joined claims, the Court will sever them into separate cases. *See Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

### PENDING MOTION

Plaintiff has filed a motion for recruitment of counsel. (Doc. 6). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff can draft a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *See*

*Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Here, Plaintiff has not demonstrated sufficient efforts to obtain counsel on his own. He attaches just one form rejection letter from a legal aid office and states he wrote to others but received no response.

As to the second inquiry, Plaintiff reveals that his education includes "post-graduate" studies (Doc. 6, p. 2). The Complaint and attached documents reflect that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action will survive initial screening, and all that is required is for Plaintiff to include more factual content regarding the events that led to his claims and identify the responsible defendants. Plaintiff alone has knowledge of these facts, and no legal training or technical knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted currently, and the motion (Doc. 6) is **DENIED** without prejudice.

Should Plaintiff encounter difficulties in self-representation as this case proceeds,

he may refile his motion seeking recruitment of counsel. If he renews his request, he should submit at least 2 additional rejection letters from attorneys to show that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

Counts 1-7 fail to state claims upon which relief may be granted for deliberate indifference to medical or dental needs. Counts 1-7 and the Complaint (Doc. 1) are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A.

If Plaintiff wishes to proceed with his claims, he **SHALL FILE** his First Amended Complaint on or before **March 11, 2024**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

An amended complaint supersedes and replaces the original Complaint, rendering it void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 24-cv-132-GCS)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. *See, e.g., DiLeo v. Ernst &*

*Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that a successful complaint generally alleges "the who, what, when, where, and how . . . ."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the claim against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service will be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: February 9, 2024.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2024.02.09 11:35:08 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**